UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JOSEPH MICHAEL JACKSON,    )
                                     )
        Plaintiff,               )
                                       )
        vs.                    )        Case No. 4:04CV 1316 HEA
                                     )
DORN SCHUFFMAN, et al.,       )
                                     )
        Defendants.        )

**<u>ORDER</u>**

This matter is before the Court on Plaintiff's Motion to Not Dismiss, [#20], wherein Plaintiff requests that this Court not dismiss his lawsuit against the above-named Defendants and also requests appointment of counsel. Defendants have not responded to the motion. For the reasons set forth below, Plaintiff's motion will be denied.

Plaintiff first asks the Court "to not dismiss [his] lawsuit." At this time, however, the lawsuit will not be dismissed, as there is no motion to dismiss or other dispositive motion pending before the Court. On April 5, 2005, this Court granted Defendant Schuffman's Motion to Dismiss, which terminated Schuffman from the case, but the other Defendants, Alan Blake, Marty Bellew-Smith, and Linda Meade still remain. As such, Plaintiff's motion to not dismiss the lawsuit will be denied since it is not ripe for review.

As for Plaintiff's request for counsel, there is no constitutional or statutory right to the appointment of counsel in a civil case. *See generally, Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In considering a motion to appoint counsel for an indigent party, the court should "determine whether the nature of the litigation is such that [ the party] as well as the court will benefit from the assistance of counsel." *Id.*, at 1005.

Plaintiff contends that defendants have violated his civil rights, including his First Amendment Rights of "Freedom of Speech, press and censorship." In his complaint, plaintiff sets forth the basis of his suit and delineates the actions which he claims violated his rights. Having considered the factual complexity of the case, the ability of plaintiff to investigate the facts, the potential existence of conflicting testimony, the ability of plaintiff to present his claim and the complexity of the legal issues involved in this case, *see Johnson v. Williams*, 788 F.2d 1319, 1323 (8th Cir. 1986), the Court concludes that appointment of counsel is not warranted at this time. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Not Dismiss, [#20], is denied; Plaintiff's request for appointment of counsel is denied without prejudice.

Dated this 4th day of November, 2005.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT COURT