UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH MICHAEL JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4 :04CV01316 HEA |
| | ) |
| DORN SCHUFFMAN, et. al., | ) |
| | ) |
| Defendants. | ) |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendants, Blake, Bellew-Smith and Meade's, Motion for Summary Judgment, [Doc. #27]. Plaintiff has not responded to the Motion. For the reasons set forth below, the Motion is granted.

### **Facts and Background**

Plaintiff brought this action pursuant to 42 U.S.C. § 1983. Plaintiff is civilly confined as a sexually violent predator at the Missouri Sex Offender Treatment Center ("MSOTC") in Farmington, Missouri. Plaintiff alleged that Defendants, employees of MSOTC and the Missouri Department of Mental Health ("DMH") denied him access to the book, "Christine" by Stephen King in violation of the First Amendment. Plaintiff alleges Defendants denied him his request to keep the book based on the reasoning that Stephen King books had been "removed from the

library and wards due to content." Defendants Blake, Bellew-Smith, and Meade are the Chief Operating Officer, the Clinical Director, and staff psychologist at MSOTC, respectively. Defendants now move for summary judgment.

## Standard of Review

The standards for summary judgment are well settled. Summary judgment is appropriate when there exists no genuine issue as to any material fact. *Celotex Corp. v. Citrate*, 477 U.S. 317, 322 (1986). The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in his pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56 (e); *Anderson*, 477 U.S. at 256; *Krenik v. Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.' *Anderson*, 477 U.S. at 248 (1986)." *Hitt v. Harsco Corp.*, 356 F.3d 920, 923 (8th Cir. 2004). To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than

mere speculation, conjecture, or fantasy.' *Wilson v. Int'l Bus. Machs. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995) (quotation omitted)." *Putman v. Unity Health System*, 348 F.3d 732, 733-34 (8th Cir. 2003). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56 (c); *Lee v. Rheem Mfg. Co.*, 432 F.3d 849 (8th Cir. 2005). Summary judgment will be granted where there is no genuine issue of material fact if the evidence is such that a reasonable jury could not return a verdict for the nonmoving party. Furthermore, summary judgment must be entered against the nonmovant if he "fails to make a showing sufficient to establish the existence of an element essential to [his] case on which [he] bear[s] the burden of proof at trial. *Baucom v. Holiday Companies*, 428 F.3d 764 (8th Cir. 2005). The Court will review Defendants' Motion for Summary Judgment with the stated standards in mind.

## Discussion

In their Motion, Defendants contend that they are entitled to summary judgment because Plaintiff's First Amendment rights have not been violated by the

MSOTC treatment team's decision that sexually violent predators in general and, Plaintiff in particular because of his violent nature, should not be allowed to read Stephen King's book "Christine." The Court agrees.

The Supreme Court held in *Youngberg v. Romeo*, 457 U.S. 307, 324 (1982), that an involuntarily committed mental patient has "constitutionally protected interests in conditions of reasonable care and safety, reasonably nonrestrictive confinement conditions, and such training as may be required by those interests." *Id.* The *Youngberg* Court also noted that in operating a mental health institution, "there are occasions in which it is necessary for the State to restrain the movement of residents -- for example to protect them as well as others from violence." *Id.* at 320.

Importantly, the *Youngberg* Court recognized the need for latitude for the State mental institution in its exercise of professional judgment as to its residents. *Id.* at 322. In the context of required training for residents of state mental institutions, the *Youngberg* Court emphasized that

> [C]ourts must show deference to the judgment exercised by a qualified professional. By so limiting judicial review of challenges to conditions in state institutions, interference by the federal judiciary with the internal operations of these institutions should be minimized. Moreover, there certainly is no reason to think judges or juries are better qualified than appropriate professionals in making such decisions.

*Id.* at 322-23. Furthermore, the *Youngberg* Court provided that liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards. Additionally, in *Kansas v. Hendricks*, 521 U.S. 346, 368 (1997), the Supreme Court reiterated its decision in *Youngberg*, and noted that States enjoy wide latitude in developing treatment regimens. *Id.*

Although the facts before the *Youngberg* Court and the Constitutional amendments at issue are different from the instant case, the Court finds the *Youngberg* decision instructive. Plaintiff is not claiming that the book at issue is not violent. Plaintiff has not made a showing that the decision to withhold violent books from persons committed as sexually violent predators contradicts accepted professional judgment, practice, or standards. Furthermore, Plaintiff has not argued that the state institution does not enjoy wide latitude in developing treatment regimens, and indeed he cannot argue to that effect because the case law is clear that states do have wide latitude when developing treatment regimens. Plaintiff has not even argued that he is entitled to refuse treatment. Plaintiff has failed to meet his burden under the standards set forth to defeat a motion for summary judgment. Thus, there is a complete failure of proof concerning the essential elements of Plaintiff's case which necessarily renders all other facts

immaterial.  *Celotex*, 477 U.S. at 323.

Viewing the allegations in the light most favorable to the Plaintiff, the Court concludes that the MSOTC has exercised its wide latitude in developing its treatment regimens.  As such, the decision to withhold a violent book from the Plaintiff, a sexually violent predator, does not violate Plaintiff's First Amendment rights.

Based on the foregoing, there exists no genuine issue of material fact as to plaintiffs' claims. Defendants are therefore entitled to judgment as a matter of law pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment,  [Doc. #27] is granted.

Dated this ²³ʳᵈ day of March, 2006.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTICT JUDGE